IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POSITIVE TECHNOLOGIES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>BENQ AMERICA CORP., FUJITSU GENERAL AMERICA, INC., JVC AMERICAS CORP., MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC., NEC DISPLAY SOLUTIONS OF AMERICA, INC., PANASONIC CORP. OF NORTH AMERICA, PHILIPS ELECTRONICS NORTH AMERICA CORP., PROVIEW TECHNOLOGY, INC., REGENT U.S.A., INC., SAMSUNG ELECTRONICS AMERICA, INC., SHARP ELECTRONICS CORP., TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., AND V, INC.,<br><br>    Defendants. | CASE NO. 2:07-CV-67-TJW<br>Jury Trial Demanded |

**DEFENDANT FUJITSU'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Fujitsu General America, Inc. ("Fujitsu") answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Positive Technologies, Inc. ("Positive") as follows:

**JURISDICTION AND VENUE**

1.     Fujitsu admits that Positive purports to bring an action for alleged patent infringement arising under the patent laws of the United States and that this Court has subject matter jurisdiction in patent actions. Fujitsu admits that this Court has personal jurisdiction over

Fujitsu.  Fujitsu denies each and every remaining allegation of Paragraph 1 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1 of the Complaint.

2.  Fujitsu admits that venue is proper in this judicial district although Fujitsu maintains that there are more convenient forums in which to proceed with this action.  Fujitsu denies each and every remaining allegation of Paragraph 2 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2 of the Complaint.

## THE PARTIES

3.  Fujitsu admits that Positive is a corporation organized under the laws of the State of California and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3 of the Complaint.

4.  Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint.

5.  Fujitsu admits the allegations of Paragraph 5 of the Complaint.

6.  Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint.

7.  Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint.

8.  Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint.

9.  Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint.

10. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint.

11. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint.

12. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint.

13. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint.

14. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint.

15. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint.

16. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS

17. Fujitsu admits that United States Patent No. 5,280,280 (the "'280 Patent") is entitled "DC Integrating Display Driver Employing Pixel Status Memories," that the '280 Patent issued to Robert Hotto on January 18, 1994, and that Positive purports to attach a copy of the '280 Patent to its Complaint. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 17 of the Complaint.

18. Fujitsu admits that United States Patent No. 5,444,457 (the "'457 Patent") is entitled "DC Integrating Display Driver Employing Pixel Status Memories," that the '457 Patent issued to Robert Hotto on August 22, 1995, and that Positive purports to attach a copy of the

'457 Patent to its Complaint. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18 of the Complaint.

19. Fujitsu admits that United States Patent No. 5,627,558 (the "'558 Patent") is entitled "DC Interating [sic] Display Driver Employing Pixel Status Memories," that the '558 Patent issued to Robert Hotto on May 6, 1997, and that Positive purports to attach a copy of the '558 Patent to its Complaint. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19 of the Complaint.

20. Fujitsu admits that United States Patent No. 5,831,588 (the "'588 Patent") is entitled "DC Integrating Display Driver Employing Pixel Status Memories," that the '588 Patent issued to Robert Hotto on November 3, 1998, and that Positive purports to attach a copy of the '588 Patent to its Complaint. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20 of the Complaint.

21. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint.

22. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint.

23. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint.

24. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint.

25. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint.

26. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint.

27. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint.

28. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint.

29. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint.

30. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint.

31. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint.

32. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint.

33. Fujitsu admits that it sells, offers to sell, and/or markets televisions using a plasma display and certain other consumer electronic products. Fujitsu denies each and every remaining allegation of Paragraph 33 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33 of the Complaint.

34. Fujitsu denies each and every allegation of Paragraph 34 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 34 of the Complaint.

35. Fujitsu denies each and every allegation of Paragraph 35 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 35 of the Complaint.

36. Fujitsu denies each and every allegation of Paragraph 36 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION

37. Fujitsu repeats and realleges each and every answer set forth above to the allegations that Positive repeats and realleges in Paragraph 37 of the Complaint.

38. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint.

39. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39 of the Complaint.

40. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint.

41. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION

42. Fujitsu repeats and realleges each and every answer set forth above to the allegations that Positive repeats and realleges in Paragraph 42 of the Complaint.

43. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 of the Complaint.

44. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint.

45. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint.

46. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint.

### THIRD CAUSE OF ACTION

47. Fujitsu repeats and realleges each and every answer set forth above to the allegations that Positive repeats and realleges in Paragraph 47 of the Complaint.

48. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48 of the Complaint.

49. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49 of the Complaint.

50. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50 of the Complaint.

51. Fujitsu is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint.

### FOURTH CAUSE OF ACTION

52. Fujitsu repeats and realleges each and every answer set forth above to the allegations that Positive repeats and realleges in Paragraph 52 of the Complaint.

53. Fujitsu denies each and every allegation of Paragraph 53 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 53 of the Complaint.

54. Fujitsu denies each and every allegation of Paragraph 54 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 54 of the Complaint.

55. Fujitsu denies each and every allegation of Paragraph 55 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 55 of the Complaint.

56. Fujitsu denies each and every allegation of Paragraph 56 of the Complaint with respect to Fujitsu and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 56 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Non-Infringement)

57. Fujitsu has not infringed and does not presently infringe, either willfully or otherwise, nor has it contributed to the infringement of, or actively induced others to infringe, any valid claim of the '588 Patent.

### Second Affirmative Defense
### (Invalidity)

58. The claims of the '588 Patent are invalid for failure to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense
### (Laches / Estoppel)

59. Positive's claims for recovery are barred, in whole or in part, by the doctrine of laches and/or estoppel.

**Fourth Affirmative Defense**
**(Limitations on Damages)**

60. Positive's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 286 and/or § 287.

**Fifth Affirmative Defense**
**(Lack of Standing)**

61. Upon information and belief, based at least in part on the assignment records in the United States Patent & Trademark Office ("PTO") assignment database, the actions by the plaintiff, and the failure of plaintiff to provide an adequate explanation and documentation regarding same, plaintiff lacks standing to bring and/or maintain the present action.

62. The PTO assignment records provide the following assignment information relating to the patents-in-suit which indicate that another entity may have had an ownership interest in one or more of the patents-in-suit either as of the date this action was initiated or thereafter:

| Title | Assignor | Assignee | Date Executed |
|---|---|---|---|
| Assignment of Assignors Interest | Robert Hotto 3109 Evening Way La Jolla, CA 92037 | Display Devices, Inc. 3109 Evening Way La Jolla, CA 92037 | 05/23/1991 |
| Assignment of Assignors Interest | Display Devices, Inc., a California corporation | Robert Hotto 3109 Evening Way, Suite C La Jolla, CA 92037 | 07/07/1993 |
| Assignment of Assignors Interest | Display Devices, Inc., a California corporation | Robert Hotto 3109 Evening Way, Suite C La Jolla, CA 92037 | 03/27/1995 |
| Assignment of Assignors Interest | Display Devices, Inc., a California corporation | Robert Hotto Suite C 3109 Evening Way La Jolla, CA 92037 | 03/27/1995 |
| Assignment of Assignors Interest | Robert Hotto | Positive Technologies, Inc., 4601 W. Sahara Avenue, Suite L Las Vegas, Nevada 89102 | 09/15/2002 |
| Assignment of | Robert Hotto | Positive Technologies, Inc. | 03/05/2007 |

| | | | |
|---|---|---|---|
| Assignors Interest | | 1005 Goldeneye View Carlsbad, CA 92009 | |
| Corrective Assignment to Correct the Assignee's Name and Address | Robert Hotto | Positive Technologies 1005 Goldeneye View Carlsbad, CA 92011 | 03/05/2007 |
| Confirmatory Transfer of Patents | Positive Technologies, a Nevada corporation | Positive Technologies, Inc. 1005 Goldeneye View Carlsbad, CA 92011 | 05/04/2007 |

63. The confusion and lack of clarity as to ownership interests in the patents-in-suit is only exacerbated by the actions of the plaintiff in regards to the filings in the first action and in the current action, including:

(a) On January 18, 2006, Positive Technologies, Inc. ("PT-California") filed a Complaint for Patent Infringement in a first action in this Court, Civil Action No. 2:06-cv-22-TJW ["Original Complaint, First Action"; D.E. 1-1]. PT-California alleged it was a corporation organized under the laws of California (see Original Complaint, First Action, ¶ 3) and the owner, by assignment, of the patents-in-suit (see Original Complaint, First Action, ¶¶ 12-14).

(b) PT-California filed a First Amended Complaint for Patent Infringement on April 14, 2006 ["FAC, First Action"; D.E. 48], and repeated the allegations that PT-California was a corporation organized under the laws of California (see FAC, First Action, ¶ 3) and the owner, by assignment, of the patents-in-suit (see FAC, First Action, ¶¶ 22-24).

(c) In a letter dated March 5, 2007 from James Brogan of Cooley Godward Kronish, LLP, counsel for PT-California, defendants were advised that title to the patents-in-suit was with Positive Technologies, a Nevada corporation ("PT-Nevada"); that PT-California would be moving for leave to dismiss the first action; and that PT-

Nevada had filed the present action on the same day for alleged infringement of the patents-in-suit. In its Complaint for Patent Infringement ["Original Complaint, Current Action"; D.E. 1-1], PT-Nevada alleged that it was a corporation organized under the laws of Nevada (see Original Complaint, Current Action, ¶ 3) and that "[T]he entire right, title and interest to the [patents-in-suit] has been assigned to [PT-Nevada]" and that "[PT-Nevada] is now, and at all relative times has been, the owner and possessor of all rights pertaining to the [patents-in-suit]" (see Original Complaint, Current Action, ¶¶ 17-19).

(d) Most recently, the First Amended Complaint for Patent Infringement filed on May 22, 2007 ["FAC, Current Action"; D.E. 67] purports to substitute as plaintiff, PT-California, which is alleged to be a corporation organized under the laws of California (see FAC, Current Action, ¶ 3). It is further alleged that "On March 19, 2007, Plaintiff merged with Positive Technologies, a Nevada corporation, and is the surviving entity and successor in interest thereto" (see FAC, Current Action ¶ 3). It is still further alleged that PT-California "is now, and by and through its merger at all relevant times has been, the owner and possessor of all rights pertaining to" the patents-in-suit (see FAC, Current Action, ¶¶ 17-20).

64. In view of the above, on information and belief, neither PT-Nevada nor PT-California now have, or have had at all relevant times, sufficient right, title and interest in and to the patents-in-suit to confer standing to initiate and maintain the current action.

### Sixth Affirmative Defense
### (Failure to Join Indispensable Parties)

65. Fujitsu hereby incorporates by reference as though fully set forth herein the allegations set out in paragraphs 61 through 64 above.

66. Upon information and belief, based at least in part on the assignment records in the PTO assignment database, the actions by the plaintiff, and the failure of plaintiff to provide

an adequate explanation and documentation regarding same, plaintiff has failed to name or join indispensable plaintiffs including any entities not a party to this action but to which any of the patents-in-suit have previously been owned or assigned.

**Seventh Affirmative Defense**
**(Failure to Properly Substitute Plaintiffs)**

67. Fujitsu hereby incorporates by reference as though fully set forth herein the allegations set out in paragraphs 61 through 66 above.

68. In its Complaint for Patent Infringement filed on March 5, 2007 ["Original Complaint, Current Action"; D.E. 1-1], the plaintiff was Positive Technologies, alleged to be a corporation organized under the laws of Nevada ("PT-Nevada") (see Original Complaint, Current Action, ¶ 3) and the owner, by assignment, of the patents-in-suit (see Original Complaint, Current Action, ¶¶ 17-19).  The First Amended Complaint for Patent Infringement filed on May 22, 2007 ["FAC, Current Action"; D.E. 67] purports to substitute as plaintiff, Positive Technologies, Inc., which is alleged to be a corporation organized under the laws of California ("PT-California") (see FAC, Current Action, ¶ 3).  It is further alleged that "On March 19, 2007, Plaintiff merged with Positive Technologies, a Nevada corporation, and is the surviving entity and successor in interest thereto" (see FAC, Current Action, ¶ 3).  It is still further alleged that PT-California "is now, and by and through its merger at all relevant times has been, the owner and possessor of all rights pertaining to" the patents-in-suit (see FAC, Current Action, ¶¶ 17-20).

69. Rule 25(c) of the Federal Rules of Civil Procedure, titled "Transfer of Interest, provides:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original

party. Service of the motion shall be made as provided in subdivision (a) of this rule.

70. PT-Nevada has not moved the court to substitute PT-California for PT-Nevada or to join PT-California and, therefore, the plaintiff in this case remains PT-Nevada and not PT-California. On information and belief, it would be improper to substitute PT-California for PT-Nevada rather than to join PT-California with PT-Nevada. Accordingly, the FAC, Current Action is defective in naming as the sole plaintiff PT-California.

## PRAYER FOR RELIEF

**WHEREFORE**, Fujitsu prays for judgment:

A. That Positive's Complaint be dismissed with prejudice and each and every prayer for relief contained therein be denied;

B. That the '588 Patent is invalid and not infringed by Fujitsu;

C. That Positive, its agents, employees, attorneys and those persons in active concert with it, be enjoined from threatening or commencing any further action against Fujitsu, its directors, officers, employees, agents or suppliers related to any of the claims made by Positive in this action;

D. That Positive knew or should have known that this action was without merit when it was commenced;

E. That this case is exceptional under 35 U.S.C. § 285 and that the Court award Fujitsu its costs and attorneys fees in this action; and

F. That Fujitsu be awarded such other and further relief as the Court may deem just and proper.

June 14, 2007                                              Respectfully submitted,


                                                  /s/ Timothy S. Durst
Timothy S. Durst
Attorney-in-Charge
State Bar No. 00786924
tim.durst@bakerbotts.com

Barton E. Showalter
State Bar No. 00788408
bart.showalter@bakerbotts.com

Douglas M. Kubehl
State Bar No. 00796909
doug.kubehl@bakerbotts.com

Kurt M. Pankratz
State Bar No. 24013291
kurt.pankratz@bakerbotts.com

BAKER BOTTS L.L.P.
2001 Ross Avenue
Suite 600
Dallas, Texas 75201-2980
(214) 953-6500 (Telephone)
(214) 953-6503 (Facsimile)

ATTORNEYS FOR FUJITSU
GENERAL AMERICA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2007 all counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANT FUJITSU'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first-class mail.

               /s/ Timothy S. Durst