IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| POSITIVE TECHNOLOGIES INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-67 |
| | § | |
| BENQ AMERICA CORP., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Positive Technologies, Inc.'s Motion for Substitution (Dkt. No. 162) and related briefing. After carefully considering the parties' submissions, the Motion is GRANTED.

**I.    Background**

Plaintiff Positive Technologies Inc. ("Positive-California") was the plaintiff in Case No. 2:06-CV-22 ("the first action") asserting the same patents-at-issue in this case. Positive-California, however, did not own the asserted patents when it filed the complaint in the first action. Positive Technologies ("Positive-Nevada") was the true owner. Once aware of this fact, Positive-Nevada initiated this action on March 5, 2007, which was assigned Case No. 2:07-CV-67. Because Positive-California lacked title at the time it filed its Complaint, the parties agreed by stipulation to dismiss the first action. *See* Dkt. Nos. 269 and 271 of the first action (2:06-CV-22).

On March 19, 2007, shortly after the initial complaint in this action was filed, Positive-Nevada completed its merger into Positive-California. *See* Ex. A to Plaintiff's Reply Brief. Positive-California, to ensure that the proper entity was named plaintiff, filed its First Amended Complaint on May 22, 2007. Positive-California was named plaintiff and alleged that, by and

through its merger with Positive-Nevada, it is and at all relevant times has been, the owner and possessor of all rights pertaining to the patents-in-suit. On August 28, 2007, the plaintiff filed the present motion to substitute Positive-California for Positive-Nevada under Fed. R. Civ. P. 25(c).

The defendants oppose the motion "in light of Plaintiff's deceptive tactics that are apparently calculated to cast a shadow of ambiguity and uncertainty regarding the actual ownership of the patents-in-suit and force Defendants to effectively concede the issue." Response at 2. Specifically, the defendants argue that (1) the assignment records and plaintiff's allegations are misleading, and (2) the assignment from Positive-Nevada to Positive-California is not effective.

## II.  Statement of the Law

Rule 25 provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). A district court's refusal to order substitution under Rule 25 is reviewed for abuse of discretion. *See Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citations omitted).

A plaintiff who does not have standing to assert a claim against the defendant does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, or a new cause of action. *Aetna Cas. & Sur. Co., v. Hillman*, 796 F.2d 770, 774 (5th Cir.1986); *see also Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir.1995) ( "[Federal Rule of Civil Procedure] 15 does not permit a plaintiff from [sic] amending its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction"). If a federal court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**III. Discussion**

    **A.    Assignment Records**

The assignment records at the United States Patent and Trademark Office ("USPTO") clearly set forth the chain of assignments of the patents-in-suit. *See* Response (Finkel Decl. at Exs. A-D). The records reflect that the ownership interest in the patents was transferred from Robert Hutto to Positive-Nevada, and then from Positive-Nevada through its merger to Positive-California. The Positive entities and the inventor of the patents-in-suit, Robert Hutto, executed Confirmatory Transfers. *See* Response (Finkel Decl. at Exs. F and I).

The defendants rely on *Bhandari v. Cadence Design Systems, Inc.*, 485 F.Supp.2d 747, 750 (E.D.Tex. 2007) (J. Davis), to support their assertion that they "can only speculate pending further discovery that neither Positive-California nor now-dissolved Positive-Nevada is the proper Plaintiff in this case, meaning that the case should be dismissed for lack of standing." *See* Response at 5. Unlike in the *Bhandari* case, Positive-California has acquired an interest in the patent since filing suit. *See Bhandari*, 485 F.Supp.2d at 750 ("Bhandari has not acquired an interest in the patent since suit was filed, but instead seeks to substitute a separate legal entity with standing as the plaintiff").

The defendants note that "the patents-in-suit may have reverted back to Robert Hutto or some other entity." Response at 5. This, however, was not an issue fully briefed by the defendants in their response to plaintiff's motion. Consequently, the briefing before the court does not provide sufficient evidence for the court to evaluate this claim.[1]

---

[1] This order is without prejudice to a supplemental motion addressing any allegations that the plaintiff in this action lacked standing as of the date the suit was filed, March 5, 2007.

### B. Assignment from Positive-Nevada to Positive-California

The defendant argues that the transfer of interest from Positive-Nevada to Positive-California on March 19, 2007 was ineffective. According to the "Agreement and Plan of Merger," the merger would be "effective upon the date that this Merger Agreement is filed with the Secretary of State of Delaware" and that "Positive California shall continue its existence under the laws of the State of Delaware." Response (Finkel Decl. at Exh. G). The Agreement and Plan of Merger was never filed with Secretary of State of Delaware; rather, it was filed with the Secretary of State of Nevada on March 20, 2007. The plaintiff argues that the references to Delaware were typographical errors.

Under Nevada law, corporations may correct records filed with the Nevada Secretary of State if the record contains an inaccurate description of a corporate action. Nev. Rev. Stat. § 78.0295 (2000). Once correction of the record is made, the correction is effective on the effective date of the record it corrects. *Id.*

Shortly after the defendants identified the typographical error in their Response, on September 19, 2007, the plaintiff filed a Certificate of Correction with the Nevada Secretary of State.[2] *See* Reply at 5. Under Nevada law, the correction of the typographical error is now effective as of the date of the merger of Positive-Nevada into Positive-California and does not destroy the effectiveness of the merger. *See* Nev. Rev. Stat. § 78.0295 (2000). Positive-Nevada was merged into Positive-California on March 19, 2007, making Positive-California the surviving corporation.

---

[2] The Agreement and Plan of Merger recites Positive Technologies as a Nevada corporation and Positive Technologies, Inc. as a California corporation. Response (Finkel Decl. at Ex. G). Later in the terms, however, the agreement states that "Positive California shall continue its corporate existence under the laws of the State of *Delaware.*" *Id.* (emphasis added.)

### B. Assignment from Positive-Nevada to Positive-California

The defendant argues that the transfer of interest from Positive-Nevada to Positive-California on March 19, 2007 was ineffective. According to the "Agreement and Plan of Merger," the merger would be "effective upon the date that this Merger Agreement is filed with the Secretary of State of Delaware" and that "Positive California shall continue its existence under the laws of the State of Delaware." Response (Finkel Decl. at Exh. G). The Agreement and Plan of Merger was never filed with Secretary of State of Delaware; rather, it was filed with the Secretary of State of Nevada on March 20, 2007. The plaintiff argues that the references to Delaware were typographical errors.

Under Nevada law, corporations may correct records filed with the Nevada Secretary of State if the record contains an inaccurate description of a corporate action. Nev. Rev. Stat. § 78.0295 (2000). Once correction of the record is made, the correction is effective on the effective date of the record it corrects. *Id.*

Shortly after the defendants identified the typographical error in their Response, on September 19, 2007, the plaintiff filed a Certificate of Correction with the Nevada Secretary of State.[2] *See* Reply at 5. Under Nevada law, the correction of the typographical error is now effective as of the date of the merger of Positive-Nevada into Positive-California and does not destroy the effectiveness of the merger. *See* Nev. Rev. Stat. § 78.0295 (2000). Positive-Nevada was merged into Positive-California on March 19, 2007, making Positive-California the surviving corporation.

---

[2] The Agreement and Plan of Merger recites Positive Technologies as a Nevada corporation and Positive Technologies, Inc. as a California corporation. Response (Finkel Decl. at Ex. G). Later in the terms, however, the agreement states that "Positive California shall continue its corporate existence under the laws of the State of *Delaware.*" *Id.* (emphasis added.)

**IV.     Conclusion**

For the reasons stated above, the court GRANTS Plaintiff Positive Technologies, Inc.'s Motion for Substitution (Dkt. No. 162).  It is therefore ORDERED that Positive Technologies, Inc. is substituted under Fed. R. Civ. P. 25(c) *nunc pro tunc* for Positive Technologies for all purposes of this litigation, including as named plaintiff.

It is so ORDERED.

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE